# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**ANGIE M. CURTIS**                                                                                          **PLAINTIFF**

v.                                            No. 3:16-CV-00334-JTK

**NANCY A. BERRYHILL,**
Acting Commissioner,
**Social Security Administration**                                                                **DEFENDANT**

## ORDER REMANDING TO THE COMMISSIONER

Angie Curtis filed for social security disability benefits with an alleged onset date of May 1, 2003. (R. at 59). The administrative law judge (ALJ) denied her application after a hearing. (R. at 25). The Appeals Council declined Curtis's request for review. (R. at 4). Curtis has requested judicial review, and the parties have consented to the jurisdiction of the Magistrate Judge.

For the reasons stated below, this Court reverses and remands the Commissioner's decision.

**I.     The Commissioner's Decision**

The ALJ found that Curtis had the severe impairments of post history tibia/fibula fracture; obesity; unspecified depressive disorder with anxious distress; sedative, hypnotic, and anxiolytic use disorder; borderline intellectual functioning; history of back pain; and bronchitis/COPD. (R. at 16). The ALJ found that she had the residual functional capacity (RFC) to perform sedentary work. (R. at 19). Specifically, he found that she could lift and carry up to 10 pounds occasionally; could sit for a total of eight hours in an eight-hour workday; could stand/walk for a total of two hours in an eight-hour workday; must avoid excessive exposure to dust, smoke, fumes, and other pulmonary irritants; and could perform simple, routing, repetitive tasks with

1

supervision that is simple, direct, and concrete. (R. at 19). The ALJ took testimony from a vocational expert (VE) and determined that this RFC would not allow Curtis to return to her past relevant work. (R. at 23). The VE further testified, however, that the RFC would allow Curtis to perform other jobs such as lamp shade assembler or general office clerk. (R. at 24). The ALJ therefore held that Curtis was not disabled. (R. at 24–25).

## II.    Discussion

Curtis argues that the ALJ failed to fully and fairly develop the record; that the ALJ failed to include limitations related to moderate difficulties with concentration, persistence, or pace; and that the ALJ's hypothetical questions to the VE were inadequate. As this Court holds that the ALJ failed to include limitations related to concentration, persistence, or pace in the RFC, it is not necessary to reach Curtis's other arguments.

On review, this Court determines whether substantial evidence on the record as a whole supports the ALJ's decision. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997). "Substantial evidence" is evidence that a reasonable mind would find sufficient to support the ALJ's decision. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). Reversal is not warranted merely because substantial evidence exists to support a contrary conclusion. *Long*, 108 F.3d at 187.

The ALJ found at step three of the evaluative process that Curtis had moderate difficulties with regard to concentration, persistence, or pace. (R. at 17). Curtis argues that the RFC contains no limitations relating to these difficulties. The Commissioner argues that the ALJ does not have to account for limitations identified at step three when formulating the RFC.

Curtis cites to *Newton v. Chater*, where the Eight Circuit reversed where an ALJ failed to present limitations of concentration, persistence, or pace to a VE. 92 F.3d 688, 695 (8th Cir. 1996). The Commissioner responds by citing *Brachtel v. Apfel*, arguing that the Eighth Circuit held in that case that a limitation to simple work fully accounted for deficiencies in concentration, persistence, or pace. 132 F.3d 417, 421 (8th Cir. 1997). That, however, was not the case in *Brachtel*. The Eighth Circuit specifically noted that the *Brachtel* RFC contained limitations relating to concentration, persistence, or pace that were not present in *Newton*. *Id. Brachtel* does not supplant *Newton*, rather, it was distinguished from *Newton*. The distinction is absent here.

The Commissioner also maintains that the differences are acceptable because the determination of severity at step three only apply to step three and are not an RFC. It is true that the step three determination is not an RFC. However, the difference is that the RFC is required to have greater detail. *Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims,* SSR 96-8P (S.S.A. July 2, 1996). Impairments are non-severe if the degree of limitation is "none" or "mild" unless evidence shows a more than minimal limitation in the ability to do basic work activities. 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1). The ALJ performs an RFC assessment concerning severe impairments that do not meet a listing. 20 C.F.R. §§ 404.1520a(d)(3), 416.920a(d)(3). The RFC must account for all of a claimant's impairments. *Mabry v. Colvin*, 815 F.3d 386, 390 (8th Cir. 2016).

The step three determination and the RFC determination are not so disparate that they can be contradictory. An internal inconsistency in the ALJ's decision such as this is legal error and requires remand.

### III. Conclusion

The ALJ failed to properly account for moderate limitations with regard to concentration, persistence, or pace. This case is therefore remanded to the Commissioner with instructions to develop the record as necessary and to reassess Curtis's RFC, accounting fully for all impairments.

It is so ordered this 9th day of January, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE